## No. 11,531.

FERDINAND GUMBEL & CO. VS. J. A. BOYER AND SHERIFF, AND J. A. BOYER VS. CLIFTON CANNON, SHERIFF (CONSOLIDATED).

The holder of a concurrent mortgage note has the right to assert his preference for payment on the proceeds of the sale of the mortgaged property over the transferrer, the payee of the note, by third opposition.

While it may not be necessary to make the mortgagor a party, it is not fatal to the proceedings if he is made a party defendant, and a personal judgment prayed for as against him. These matters concern the mortgagor and in no way affect the mortgagee, who is interested only so far as the opposition is concerned with contesting the preference claim of the third opponent.

If the agent of the maker of a mortgage note has no funds of the principal in his possession there is no reason why, on the request of the principal, he can not buy for his own account the mortgage note and hold it as security for the amount advanced for the principal.

If the agent has money of the principal in his possession and purchases the note, and makes a payment thereon with the funds of the principal, this payment will be considered as having been made by the principal, and the mortgage will be extinguished by confusion to the amount of the payment.

A mere indorsement of the note carries with it the mortgage security.

The offer of testimony to show in what manner the agent acquired the note is not a contradiction of the indorsement when it is restricted as to whether the agent purchased the note for his own account with his funds, or for his principal with the latter's funds.

APPEAL from the Tenth District Court, Parish of Avoyelles. Coco, J.

---

G. H. Couvillon for Gumble & Co., Plaintiffs and Appellees.

*Wm. H. Peterman* and *Clegg & Thorpe* for Boyer *et al.*, Defendants and Appellants.

The opinion of the court was delivered by

McENERY, J.    Ferdinand Gumbel & Co., cotton factors and commission merchants in the city of New Orleans, alleging themselves to be the owners of a promissory note for the sum of three thousand three hundred dollars secured by vendor's privilege and special mortgage on certain property situated in Avoyelles parish, dated 8th December, 1891, payable on demand with eight per cent interest, intervened, by way of third opposition, in the suit of the vendor against the vendee, Joseph V. Moreau, to foreclose the mortgage and enforce the vendee's privilege, claiming a preference in the proceeds of sale over the vendor, the transferrer of the concurrent mortgage note held by third opponents.

Exceptions were filed of no cause of action and misjoinder of parties.    The theory upon which the exception of no cause of action is based is that the mortgage note held by Gumbel & Co. is a separate special mortgage.    But this is not a fact.    It is a concurrent mortgage note, and the proceeding by third opposition to share in the proceeds was proper.

The defendant, Moreau, was joined in the suit instituted by third opponent.    This may not have been necessary, but it was not fatal. It in no way affected the defendant, Boyer.    Nor did the prayer for a personal judgment against Moreau, the mortgage debtor, concern him.    Moreau is not complaining.    The defendant, Boyer, is only interested in the proceedings against the property or its proceeds.    So far as these are involved he is properly before the court, and has no interest whatever in the personal judgment prayed for against Moreau.

J. A. Boyer, the vendor, answered, denying that the third opponents had any privilege or mortgage on said property described in the petition entitling him to be paid in preference to the vendor and and transferrer of the note.    Boyer, with leave of court, amended his answer and declared that the intervenors and third opponents never purchased said note from him, but paid the same for the mortgagor, thus extinguishing and destroying the mortgage.

The third opponents objected to the filing of the amended answer

on the ground that it altered and changed the substance of the original answer. We do not perceive any alteration of the original answer. That denied that the opponents had any mortgage or privilege on the property, and the amended answer only set out the particular fact on which the general averment in the answer was based.

Under these circumstances the amended answer was properly allowed to be filed.

The law applicable to the controversy herein is well settled.

There is only question of fact involved, and the sole question is whether Gumbel & Co. acquired the note subject to a credit of one thousand five hundred dollars and seventy cents, which was paid out of funds in their hands belonging to Moreau, the maker of the note.

The transfer of the note and the indorsement thereon does not prevent this inquiry, as the transfer and ownership of the note is not questioned.

Testimony was improperly rejected to show the fact stated above, the judge ruling that the indorsement on the note could not be contradicted.

Boyer sold the property to Moreau for three thousand three hundred dollars, payable on demand, and on a credit for the balance of the price. The several payments were evidenced by promissory notes payable to Boyer and secured by vendor's privilege and special mortgage.

The following letter was addressed to Gumbel & Co. by Moreau:

"COTTONPORT, La., December 21, 1891.

" *Messrs. F. Gumbel & Co., New Orleans:*

"DEAR SIRS—I have bought Mr. J. A. Boyer's plantation at Moreauville, with saw-mill and cotton gin. He will call on you in a day or two with a mortgage note of three thousand three hu dred dollars; but I paid on said note three hundred dollars. Please pay the three thousand dollars for me, and should I not have that amount to my credit hold the note against me until I ship all my cotton. I have three hundred and thirty bales and have shipped three hundred, and will ship the balance as soon as possible.   *   *   *

"Yours truly,

" J. V. MOREAU."

To this letter, Gumbel & Co. replied as follows:

"NEW ORLEANS, December 22, 1891.

"*Mr. J. V. Moreau, Cottonport, La.:*

"DEAR SIR—In reply to your favor of the 21st instant, we will say we must decline in complying with your request, for two reasons: first of all, we will not pay the mortgage note of Mr. J. A. Boyer, drawn by you in his favor, and, secondly, we can not recognize your letter of above date, as it is neither written or signed by you.

"Now, if you will write us to BUY the note in question, and write and sign the letter yourself, all will be satisfactory. We will buy the note and hold it until you ship enough cotton to cover.

"Mr. J. A. Boyer understands the situation.

"Awaiting your reply, we remain,

"Truly yours,

"FERDINAND GUMBEL & CO.

"P. S.—*Write your own letter.*"

Moreau answered this letter as follows:

"COTTONPORT, December 29, 1891.

"*F. Gumbel & Co., New Orleans, La.:*

"DEAR SIRS—Please find enclosed bill of lading for four bales of cotton; also, please go and buy my note of J. A. Boyer, which is in Mr. Charles Hernandez' hands, and keep the said note until paid, and send me a receipt for the note, or you hold it for security and I will ship enough to pay all due you, if the roads don't get bad.

"Very respectfully,

"J. D. MOREAU."

These letters, which were introduced by the plaintiff in the executory process, show that Gumbel & Co. declined to pay the note for Moreau, as his factor or agent, but consented to purchase it on their own account, and hold it as security for the money advanced, as an accommodation to Moreau.

In the admitted testimony, and even in that rejected, there is nothing to contradict the meaning of these letters, which undoubtedly show that, at the request of Moreau, Gumbel & Co. purchased the note and positively declined to pay it for account of Moreau.

The indorsement on the note is as follows: "For value received, I hereby transfer the within note to Ferdinand Gumbel & Co., with

all the rights and interests I have in said note, without recourse against me.''

This indorsement added nothing to a simple indorsement, which carries with it all the security of the note.

The testimony which was rejected was introduced to show that the mortgage debtor, the maker of the note, notwithstanding the agreement in the letters, had paid with his own means, through Gumbel & Co., his agents, the three thousand dollars balance due on the note. This testimony would in no way contradict the indorsement, as its transfer to Gumbel & Co. is not at issue. Their right to sue on the note is not questioned. They are by the pleadings recognized as the legal holders of the note. It is certain that if Gumbel & Co. had no funds in their hands at the time they bought the note of the defendant Boyer, they had the right to purchase the same for their own account. And if they purchased the note, and paid the credit indorsed on it out of the funds of their principal, it is to be considered as having made the payment, and the mortgage would be canceled to that amount.

From the indorsement of payments on the note, it appears that Moreau paid only one thousand five hundred dollars and seventy cents on it after the first payment of three hundred dollars, before it went into the hands of Gumbel & Co.

Now, if in the check of Gumbel & Co. to Hernandez, who held the note for collection for Boyer, this one thousand five hundred dollars and seventy cents credit was included, and was paid out of the funds of Moreau in their hands, they could only, of course, buy the note subject to this credit, and would be entitled to share in the proceeds concurrently for the balance due, provided the note was purchased for their own account, and not solely for Moreau as his agent, for whom they advanced the money, and to whom they charged the same in their account.

These facts the defendant Boyer should have had an opportunity of presenting, if they existed as alleged by him.

We have not discussed each exception to testimony noted in the record, as the objections all go to the same purpose, and under our ruling all of the rejected testimony should have been received in evidence.

Boyer, at the sale of the property, was the last and highest bidder. He tendered to the sheriff the costs and the balance due on the

second mortgage note held.  The sheriff declined to finally adjudicate the property to him, because of his failure to comply with his bid by paying the entire amount demanded in the writ of seizure and sale, and also because he was ordered in the third opposition of Gumbel & Co. to retain the entire proceeds in his hands for final distribution.  The sheriff could not do otherwise than obey the mandate of the court, and the defendant Boyer's speediest remedy was for a rule against the sheriff to adjudicate the property to him and to make him a deed to it.

The relief prayed for by Boyer was denied, and he was ordered to comply with his bid, and in default thereof to again sell the mortgaged property.  From this judgment Boyer took a devolutive appeal.

The defendant Moreau has not appealed, and we can not disturb the judgment as to him.

It is therefore ordered, adjudged and decreed that the judgment appealed from, so far as it involves the issues between third opponent and plaintiff Boyer in the executory process, be annulled, avoided and reversed, and it is now ordered that the case may be remanded to be proceeded with according to law.